UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE BURNS,

                Plaintiff,

-against-

PATRICK A. SMITH, INVESTIGATOR,

                Defendant.

24-CV-1860 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently held in the Mid-Hudson Forensic Psychiatric Center ("MHFPC"), brings this action *pro se*. He requests, in his complaint, to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Burns v. Schell*, No. 20-CV-5582, 2020 WL 6365556 (S.D.N.Y. Oct. 28, 2020), *aff'd*, No. 20-3883, 2023 WL 1113215 (2d Cir. Jan. 31, 2023) (summary order). The court's previous ruling in *Burns*, 2020 WL 6365556, relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, unless Plaintiff meets the " imminent danger" exception to the "three strikes" rule set forth in Section 1915(g), his IFP application must be denied and this action dismissed.

## DISCUSSION

Plaintiff acknowledges in the complaint that he has three strikes for purposes of Section 1915(g), but he asserts that he should be allowed to proceed with this action because he is in imminent danger of serious physical injury. The imminent danger exception "allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2002). In determining whether a litigant has shown such a nexus, courts consider: "(1) whether the imminent danger of serious physical injury that [the] . . . litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99.

Here, Plaintiff contends that the imminent danger exception applies to this action because he is presently housed in a ward at MHFPC with four other patients who have tested positive for Covid. He asserts that he is presently experiencing Covid symptoms and that "his Covid isolation to his room with four other patients, [ ] his symptoms, [and his] medical & nursing records can be used to support [his] contention of imminent danger." (ECF 1, at 3.) However, in this action Plaintiff brings claims that are not related to the conditions of his confinement at MHFPC. Rather, he sues Patrick A. Smith, whom he identifies as an investigator for the New York State Attorney Grievance Committee of the Ninth Judicial District. Plaintiff asserts that Defendant Smith has violated his "constitutionally protected liberties" by rejecting and returning his filings complaining of conflicts of interests caused by the Legal Aid Society of Westchester County representing him in a pending criminal matter. (ECF 1, at 2.) A favorable judicial outcome on Plaintiff's claims against Defendant Smith would not redress any injury related to his housing in the Covid ward at MHFPC. The Court therefore concludes that the alleged danger caused by Plaintiff's present detention at MHFPC does not provide any basis for granting Plaintiff's request

to proceed IFP in this action, based on imminent danger of serious physical injury. The Court therefore denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under Section 1915(g)'s "three-strikes" rule.

## CONCLUSION

The Court denies Plaintiff IFP status and dismisses this action without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[1] Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[2] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge

---

[1] Plaintiff may commence a new federal civil action by paying the filing fees to bring that action. If Plaintiff does so while he is a prisoner, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[2] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the filing fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).