UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BURNS,

Plaintiff,

-against-

PATRICK A. SMITH,

Defendant.

24-CV-1860 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment dated and entered on April 15, 2024, the Court dismissed this *pro se* action as barred under 28 U.S.C. § 1915(g). (ECF 2-3.) On September 22, 2025, the court received a motion for an extension of time to file a notice of appeal, brought pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). The Court construes Plaintiff's motion as also seeking to reopen the time to file a notice of appeal, under Rule 4(a)(6) of the Federal Rules of Appellate Procedure ("Rule 4(a)(6)"). For the reasons discussed below, the Court denies the motion.

**DISCUSSION**

Plaintiff's Rule 4(a)(5) motion is untimely. A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). A Rule 4(a)(5) motion for an extension of time to file a notice of appeal must be filed during the period in which a timely notice of appeal can be filed or within 30 days thereafter. *See* Fed. R. App. P. 4(a)(5)(A)(i). The Clerk of Court entered the order of dismissal and civil judgment on April 15, 2024. Plaintiff had 30 days from that date to file a timely notice of appeal. Plaintiff filed his motion on September 22, 2025. The Court therefore denies the motion as untimely.

Because Plaintiff alleges that he did not receive a copy of the order of dismissal and civil judgment, the Court understands Plaintiff's motion as also seeking to reopen the time to file a notice of appeal. A party may move to reopen this time under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, which provides the following:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

To the extent that Plaintiff alleges that he never received a copy of the order of dismissal and civil judgment, and seeks relief under Rule 4(a)(6), the Court denies the Rule 4(a)(6) motion as untimely because he did not file his motion within 180 days of the entry of the civil judgment.

**CONCLUSION**

The Court denies Plaintiff's motion seeking an extension of time to file a notice of appeal. The Court directs the Clerk of Court to terminate the motion at ECF 4.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 21, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge